UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOHN WHITINGER, | § § § | |
| Plaintiff, | § § | |
| v. | § § | SA-25-CV-498-XR (HJB) |
| UTMB (University of Texas Medical Branch), | § § § § | |
| Defendant. | § § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Xavier Rodriguez:**

Before the Court is the status of the above case, which was automatically referred to the undersigned for screening under 28 U.S.C. § 1915(e), pursuant to this Division's October 8, 2019, Standing Order.[1]  The undersigned previously identified several fatal deficiencies in Plaintiff's first amended complaint and ordered him to show cause by filing an amended complaint.  (Docket Entry 8.)  Plaintiff has now filed his second amended complaint, as ordered.  (Docket Entry 9.)  Because the second amended complaint still fails to state a claim within the Court's subject matter jurisdiction I recommend that this case be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**I.    Legal Standard.**

Section 1915(e)(2)(B) requires the Court to screen complaints filed by plaintiffs proceeding *in forma pauperis* and dismiss those that are frivolous or fail to state a claim for which relief may

---

[1] The 2019 standing order has since been superseded by a substantially identical divisional standing order, available at https://perma.cc/8ASX-URDC.

be granted. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). This includes complaints where "the legal theory upon which . . . [it] relies is 'indisputably meritless.'" *Eason v. Thaler*, 14 F.3d 8, 9 n.5 (5th Cir. 1994) (quoting *Neitzke*, 490 U.S. at 327–28). A claim is also "legally frivolous when the court lacks subject matter jurisdiction over it." *Mendives v. Bexar Cnty.*, No. 5:21-CV-356-JKP-RBF, 2021 WL 4708079, at *3 (W.D. Tex. June 23, 2021), *report and recommendation adopted*, No. SA-21-CV-356-JKP, 2021 WL 4705175 (W.D. Tex. Oct. 8, 2021). In screening a complaint under § 1915(e)(2)(B), the Court "accepts all well-pleaded facts as true and views them in the light most favorable to the plaintiff." *Mackey v. Helfrich*, 442 F. App'x 948, 949 (5th Cir. Sept. 30, 2011).

**II.   Background.**

Plaintiff's original complaint presented a collateral attack on decisions in a state-court lawsuit regarding the handling of the remains of Plaintiff's deceased father. Plaintiff and several of his family members originally filed suit in the 212th District Court, in Galveston County, Texas. *Whitinger v. Univ. of Tex. Med. Branch at Galveston*, No. 01-03-01358-CV, 2004 WL 2749124, at *1 (Tex. App.—Houston [1st Dist.] Dec. 2, 2004, pet. denied). The family brought claims against the University of Texas Medical Branch ("UTMB"), the Defendant in the instant case, for negligence, constructive fraud, and breach of contract, *see id.*—claims which are also asserted in the present case. (*See* Docket Entry 1-1, at 4–5.) Before the trial court, the family claimed that UTMB breached a special relationship it owed them by negligently handling their late father's remains, and that such mishandling was itself or involved a misuse of "tangible personal property" that constituted a waiver of UTMB's sovereign immunity under the Texas Tort Claims Act. 2004 WL 2749124, at *1–2. UTMB filed a plea to the jurisdiction, arguing that it bore no special relationship to the testator-donor's family, and denying that any mishandling of the testator-donor's

remains on its part constituted a waiver of its sovereign immunity. *Id.* at *2. The trial court granted UTMB's plea to the jurisdiction and the family appealed. *Id.* at *1–2.

The Court of Appeals affirmed the trial court's judgment, citing *Noah v. Univ. of Tex. Med. Branch at Galveston*, 176 S.W.3d 350, 356 (Tex. App.—Houston [1st Dist.] 2004, pet. denied). The *Noah* court had held that UTMB was immune from suit for any claims or injuries resulting from alleged mishandling of bodily remains donated to UTMB under the same terms as in the instant case.[2] According to *Noah*, "the plaintiffs' special relationship claims sound in tort, not in contract,; . . . . [and] to bring a lawsuit against a governmental unit for breach of contract, a party must . . . obtain express consent to sue; . . . . [but] plaintiffs did not obtain legislative consent to sue UTMB." 176 S.W.3d at 354, 356–58; *see Whitinger*, 2004 WL 2749124, at *2 (citing *Noah*). The Texas Supreme Court denied a petition for review of the decision and subsequently denied the family's motion for rehearing. *See Whitinger v. Univ. of Tex. Med. Branch at Galveston*, Case No. 25-0009 (Docket Entries Dated Mar. 14, 2025, and Apr. 25, 2025).

Dissatisfied with the rulings of the state courts, Plaintiff filed his original complaint in this court. Plaintiff contended in his original complaint—as he and his family members had contended in state court—that UTMB mishandled his father's remains, that UTMB owed him a special relationship, that UTMB is liable for negligence, constructive fraud, and breach of contract, and that UTMB's handling of the remains was a misuse of tangible property sufficient to constitute a waiver of sovereign immunity under the Texas Tort Claim Act. (Docket Entry 1-1, at 4–5.) Plaintiff also alleged that his federal constitutional rights were violated and that UTMB violated

---

[2] Under the terms of the agreement, Plaintiff's father "will[ed] and bequeath[ed]" his body via contract to UTMB for the "advancement of medical science and education," followed by "cremation," and subject to a disclaimer that he "relinquish[ed] all rights and claims regarding [his] body, by any person whatsoever," that UTMB would not "incur any liability," and that "no claim shall arise against [UTMB] in any manner." *Whitinger*, 2004 WL 2749124, at *1.

3

§ 42.08 of the Texas Penal Code. (*Id.*) He specifically challenged "the [Texas] appellate court's decision granting [Defendant] UTMB's plea to the jurisdiction based on sovereign immunity." (Docket Entry 1-1, at 1.) Plaintiff subsequently filed a proposed first amended complaint, abandoning all but his constitutional claims. (*See* Docket Entry 4.)

The undersigned issued a Show Cause Order in Plaintiff's case. (Docket Entry 8.) The Order explained that the claims in Plaintiff's first amended complaint were barred by the *Rooker-Feldman* doctrine,³ as they were a collateral attack on the 212th District Court's judgment, as affirmed by the First Court of Appeals. (Docket Entry 8, at 4.) The Order further explained that Plaintiff could not circumvent the bar by repackaging his state-court claims as § 1983 claims. (*Id.* (citing *Bell v. Valdez*, 207 F.3d 657, 2000 WL 122411, at *1 (5th Cir. 2000) ("A plaintiff cannot avoid the *Rooker-Feldman* doctrine simply by casting his complaint in the form of a civil rights action.")).) But even if the claims were not barred by *Rooker-Feldman*, the Order explained that UTMB had sovereign immunity under the Eleventh Amendment. (Docket Entry 8, at 5 (citing *Daniel v. Univ. of Tex. Sw. Med. Ctr.*, 960 F.3d 253, 257 (5th Cir. 2020) ("[P]ublic universities . . . . [and] health institutions of the UT System . . . . are entitled to sovereign immunity as arms of the state.")).)

The Show Cause Order afforded Plaintiff an opportunity to file another amended complaint. (Docket Entry 8, at 4–6.) Plaintiff's second amended complaint is now before the Court. (Docket Entry 9.)

---

³ *See Rooker v. Fidelity Tr. Co.*, 263 U.S. 413, 415 (1923) (holding that the jurisdiction of federal district courts "is strictly original"); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 476, 482 (1983) ("[A] United States District Court has no authority to review final judgments of a state court in judicial proceedings.").

4

**III.     Discussion.**

In his second amended complaint, Plaintiff asserts two claims against UTMB: (1) a § 1983 claim for concealing his father's remains in violation of the Fourteenth Amendment, and (2) an *ultra vires* action for withholding material evidence without statutory authority to do so.  (Docket Entry 9, at 3.)   As with Plaintiff's previous complaints, the Court lacks jurisdiction over either of these claims, under the *Rooker/Feldman* doctrine and the doctrine of sovereign immunity.

*Rooker/Feldman*.   Like Plaintiff's earlier claims, both of the claims in the second amended complaint still appear to collaterally attack the 212th District Court's judgment, as affirmed by the First Court of Appeals.   They are therefore barred by *Rooker/Feldman*.   See *United States v. Shepherd*, 23 F.3d 923, 924 (5th Cir. 1994) ("A federal complainant cannot circumvent [*Rooker/Felman*'s] jurisdictional limitation by asserting claims not raised in the state court proceedings or claims framed as original claims for relief."); *Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994) ("The casting of a complaint in the form of a civil rights action cannot circumvent . . . . the firmly-established doctrine of *Rooker/Feldman*.").   The collateral attack is clear from the face of Plaintiff's complaint: as noted above, the state courts held that UTMB was shielded by sovereign immunity, and yet Plaintiff's second amended complaint requests, *inter alia*, "[a] declaratory judgment that Defendants' acts were . . . not shielded by sovereign immunity." (Docket Entry 9, at 4.)   As such "issues . . . are 'inextricably intertwined' with [the] state judgment," the Court is "in essence being called upon to review the state-court decision." *Shepherd*, 23 F.3d at 924.   The Court lacks jurisdiction to do so.

*Sovereign Immunity*.   Both claims in the second amended complaint also appear to be barred by UTMB's sovereign immunity under the Eleventh Amendment.   The second amended complaint ostensibly tries to avoid the immunity doctrine by pleading an *ultra vires* claim.

5

(Docket Entry 9, at 1, 3.) Although *ultra vires* claims for purely "prospective declaratory and injunctive relief" are not barred by sovereign immunity, *Tipps v. McCraw*, 945 F. Supp. 2d 761, 767–68 (W.D. Tex. 2013) (citing *City of El Paso v. Heinrich*, 284 S.W.3d 366, 372–73 (Tex. 2009)), such claims "must be brought against state actors in their official capacity and not the state itself," *Stem v. Gomez*, 813 F.3d 205, 214 (5th Cir. 2016) (citing *Heinrich*, 284 S.W.3d at 372–73). Here, Plaintiff has named no state actor; he sues only UTMB, "a[n] arm[] of the state . . . . entitled to sovereign immunity," *Daniel*, 960 F.3d at 257. Additionally, Plaintiff requests damages in his prayer for relief—*i.e.*, relief not available in an *ultra vires* action. (Docket Entry 9, at 4.) Accordingly, while *ultra vires* claims can narrowly avoid a state's sovereign immunity, Plaintiff has failed to properly allege such a claim here.

Nor does Plaintiff's § 1983 claim avoid the immunity bar. As a general matter, "Texas has not consented by statute [to be sued], and § 1983 does not abrogate state sovereign immunity." *NiGen Biotech, L.L.C. v. Paxton*, 804 F.3d 389, 394 (5th Cir. 2015). As with the *ultra vires* argument, however a suit is not "against the state" for purposes of sovereign immunity if it seeks only "prospective, injunctive relief from a state actor . . . based on an alleged ongoing violation of the federal constitution." *Id.* (quoting *K.P. v. LeBlanc*, 729 F.3d 427, 439 (5th Cir. 2013)). This is the so-called *Ex parte Young* exception. *See* 209 U.S. 123 (1908). The "first requirement of *Ex parte Young*," however, is naming the correct defendant—*i.e.*, a "state officer[] in their official capacit[y]." *NiGen Biotech*, 804 F.3d at 394 (quoting *Fontenot v. McCraw*, 777 F.3d 741, 746 (5th Cir. 2015)). Plaintiff has not done so here; the lone Defendant is UTMB. (Docket Entry 9, at 1.) Furthermore, Plaintiff seeks damages and declaratory relief, as opposed to merely "prospective, injunctive relief." *NiGen Biotech*, 804 F.3d at 394. Thus, Plaintiff's § 1983 claim falls beyond the scope of *Ex parte Young*'s narrow exception to sovereign immunity.

## IV.     Conclusion and Recommendation.

For the foregoing reasons, Plaintiff has failed to plead any claims in his second amended complaint over which the Court may exercise subject matter jurisdiction.  Accordingly, I recommend that Plaintiff's case be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  *See Long v. Long*, No. 5-21-CV-479-FB-RBF, 2021 WL 11670796, at *3 (W.D. Tex. Aug. 3, 2021) (recommending dismissal of IFP complaint under § 1915(e)(2)(B)(i) where claims were barred by *Rooker/Feldman*), *report and recommendation adopted*, No. CV SA-21-CA-479-FB, 2021 WL 11670793 (W.D. Tex. Aug. 26, 2021); *Mendives*, 2021 WL 4708079, at *3 ("A claim is . . . legally frivolous when the court lacks subject matter jurisdiction over it."); *Derrick v. Texas*, No. CA C-11-412, 2012 WL 92545, at *3 (S.D. Tex. Jan. 11, 2012) (dismissing IFP complaint under 28 U.S.C. § 1915(e)(2)(B)(i) "because the doctrine of sovereign immunity plain bar[red] . . . lawsuit against . . . Texas").

## V.     Notice of Right to Object.

The United States District Clerk shall serve a copy of this Report and Recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the Clerk of Court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this Report and Recommendation must be filed **within 14 days** after being served with a copy of the same, unless this time period is modified by the District Court.  28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

The parties shall file any objections with the Clerk of the Court and serve the objections on all other parties.  An objecting party must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; "objections that are frivolous, conclusory, or general in nature needn't be considered." *Williams*

7

*v. Lakeview Loan Serv. LLC*, 694 F. Supp. 3d 874, 881 (S.D. Tex. 2023) (citing *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987)).

A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation shall bar the party from a *de novo* review by the District Court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to, proposed findings and conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

**SIGNED** on July 9, 2025.

_____
Henry J. Bemporad
United States Magistrate Judge