IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOHN WHITINGER,<br>*Plaintiff* | §<br>§<br>§ | |
| | § | SA-25-CV-00498-XR |
| -vs- | §<br>§ | |
| UTMB (UNIVERSITY OF TEXAS<br>MEDICAL BRANCH),<br>*Defendant* | §<br>§<br>§<br>§ | |

### ORDER ON REPORT AND RECOMMENDATION

On this date, the Court considered United States Magistrate Judge Henry J. Bemporad's Report and Recommendation in this case. ECF No. 11. After careful consideration, the Court **ADOPTS** the Report and Recommendation.

### BACKGROUND

**I.   Facts**

This case arises out of mishandling of remains by University of Texas Medical Branch ("UTMB") in the early 2000s.[1] In 2001, Plaintiff's father died and donated his body to UTMB's Willed Body Program. ECF No. 9 at 2. Plaintiff alleges that by 2002, UTMB assured Plaintiff's family that the cremated remains would be returned to them. *Id.* Due to UTMB's commingling of donors' ashes, this did not happen. ECF No. 4 at 43. Plaintiff alleges that because of alleged internal misconduct and concealment, UTMB also retained major body parts—specifically, the head, arms, and knees of Plaintiff's father—until 2008, when they were returned. ECF No. 9 at 2,

---

[1] The Court draws the factual history and background from Judge Bemporad's Report and Recommendation, with additions as needed.

1

18. Plaintiff contends he first learned of this in 2007, but that UTMB continued to withhold the remains for over a year and justified its action by citing "pending litigation." *Id.* at 2.

This case, however, is the second go-around for Plaintiff. Alongside several other family members, Plaintiff first sued UTMB in Texas state court in 2004. *See Whitinger v. Univ. of Tex. Med. Branch at Galveston*, No. 01-03-01358-CV, 2004 WL 2749124, at *1 (Tex. App—Houston [1st Dist.] Dec. 2, 2004, pet. denied) ("*Whitinger I*"). There, Plaintiff brought claims for negligence, constructive fraud, and breach of contract arising out of the mishandling of his father's remains. *Id.*[2] But the state trial court granted UTMB's plea to the jurisdiction, and the First Court of Appeals, citing *Noah v. Univ. of Tex. Med. Branch at Galveston*, 176 S.W.3d 350, 356 (Tex. App—Houston [1st Dist.] 2004, pet. denied), affirmed. *See Whitinger I*, 2004 WL 2749124, at *2.[3]

*Noah*, which arose out of the same set of facts as *Whitinger I*, concluded that UTMB was immune from suit for claims or injuries resulting from alleged mishandling of bodily remains donated to UTMB. *Noah*, 176 S.W.3d at 358. While the plaintiffs pursued both tort and contract theories and sought damages for mental anguish and emotional distress, *Noah* concluded that their claims "sound[ed] in contract, not tort," and that "to bring a lawsuit against a governmental unit for breach of contract, a party must . . . obtain express consent to sue[,]" which the plaintiffs had not done. *Id.* at 356–58.[4]

---

[2] While unclear, the Court presumes these claims did not include any retention of body parts, as Plaintiff alleges he first learned of this in 2007.

[3] A "plea to the jurisdiction is the appropriate vehicle in [Texas] state court for asserting immunity from suit," and is the equivalent of a "motion arguing lack of subject matter jurisdiction" in federal court. *Catlett v. Duncanville Indep. Sch. Dist.*, No. 3:09-CV-1245-K, 2010 WL 2217889, at *2 (N.D. Tex. May 27, 2010).

[4] Specifically, *Noah* held that the tort claims premised on a special relationship with UTMB did "not arise from a breach of any duties owed to the plaintiffs by UTMB independent of its contractual duties" and that "when a governmental unit contracts with a private party, the governmental unit waives its immunity from liability, but not its immunity from suit." *Noah*, 176 S.W.3d at 356–57. *Noah* also declined to recognize that an alleged breach constituted an equitable basis to find that UTMB waived its immunity, and rejected independent claims based on provisions of the Texas Administrative and Health and Safety Codes. *Id.* at 358–59.

Over twenty years later, the Texas Supreme Court denied a petition for review and a motion for rehearing. *See Whitinger v. Univ. of Tex. Med. Branch at Galveston*, Case No. 25-009 (Docket Entries Dated Mar. 14, 2025, and Apr. 25, 2025).

## II.     Procedural History

Plaintiff, proceeding *pro se*, turned to this court. ECF No. 1. In his proposed complaint, Plaintiff brought the same claims asserted in *Whitinger I*, as well as constitutional claims, a claim that UTMB violated Section 42.08 of the Texas Penal Code, and specifically challenged "the [Texas] appellate court's decision granting [Defendant] UTMB's plea to the jurisdiction based on sovereign immunity." ECF No. 1-1 at 1. Plaintiff subsequently filed a proposed first amended complaint, abandoning all but his constitutional claims. ECF No. 4.

Judge Bemporad issued a Show Cause Order, explaining that Plaintiff's claims were barred by the *Rooker-Feldman* doctrine,[5] that Plaintiff "could not circumvent the bar by repacking his state-court claims as § 1983 claims," and that even if *Rooker-Feldman* did not bar his claims, UTMB had sovereign immunity under the Eleventh Amendment. ECF No. 8 at 4–5.

Plaintiff then filed the operative complaint, which asserts two claims against UTMB: (1) a Section 1983 claim for concealing his father's remains in violation of the Fourteenth Amendment, and (2) an *ultra vires* action for withholding material evidence without statutory authority to do so. ECF No. 9 at 3. But this did not cure the issues, and Judge Bemporad recommended this case be dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). ECF No. 11 at 7.

First, Judge Bemporad concluded that Plaintiff's claims still appeared to collaterally attack the Texas state court judgment, as Plaintiff's operative complaint requested, *inter alia*, "[a]

---

[5] *See generally D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923).

3

declaratory judgment that Defendants' acts were . . . not shielded by sovereign immunity." *Id.* at 5 (quoting ECF No. 9 at 4).

Second, Judge Bemporad concluded that both claims appeared to be barred by the Eleventh Amendment. ECF No. 11 at 5. While acknowledging that *ultra vires* claims for purely "purely prospective and injunctive relief" are not barred by sovereign immunity," *id.* at 6 (quoting *Tipps v. McCraw*, 945 F. Supp. 2d 761, 767–68 (W.D. Tex. 2013) (citing *City of El Paso v. Heinrich*, 284 S.W.3d 366, 372–73 (Tex. 2009)), Judge Bemporad explained that these claims "must be brought against state actors in their official capacity and not the state itself," ECF No. 11 at 6 (quoting *Stem v. Gomez*, 813 F.3d 205, 214 (5th Cir. 2016) (citing *Heinrich*, 284 S.W.3d at 273–73), and Plaintiff named no state actors. Moreover, Plaintiff requested damages, but damages are not available in an *ultra vires* action. *See Tipps*, 945 F. Supp. 2d at 768.

Third, Judge Bemporad concluded that Plaintiff's Section 1983 claim did not avoid the immunity bar. ECF No. 11 at 6. Like his *ultra vires* claim, Judge Bemporad explained that Plaintiff did not name a state officer as required by *Ex parte Young* and only sought damages and declaratory relief relating to past harms rather than "prospective, injunctive [or declaratory] relief." *Id.* at 6 (quoting *NiGen Biotech, L.L.C. v. Paxton*, 804 F.3d 389, 394 (5th Cir. 2015)).

## ANALYSIS

### I. Legal Standard

A party may serve and file objections to a report and recommendation within fourteen days. Fed. R. Civ. P. 72(a), (b)(2). "Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive [sic] or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982), *overruled on other grounds by Douglass v. United States Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Courts must review *de novo* any of the Magistrate Judge's conclusions to which a party has specifically objected. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Any sections that were not clearly objected to are reviewed for clear error to determine whether they are contrary to law. *Id.*; *see also United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989), *cert. denied*, 492 U.S. 918 (1989).

## II. Discussion

While Plaintiff timely filed "objections" to the Report and Recommendation on July 11, 2025, ECF No. 13, Plaintiff does not object to Report and Recommendation at all. The Court has reviewed the Report and Recommendation and finds it to be neither clearly erroneous nor contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). Accordingly, the Court **ADOPTS** the Judge Bemporad's Report and Recommendation in all respects.

Instead, Plaintiff attaches a second amended complaint ("SAC") that attempts to cure the issues and seeks leave to amend under Federal Rule of Evidence 15(a)(2).

### A. Plaintiff's Second Amended Complaint

Leave to amend pleadings should be "freely give[n] . . . when justice so requires." FED. R. CIV. P. 15(a)(2). "Although Rule 15(a)(2) evinces a bias in favor of granting leave to amend . . . [it] is by no means automatic." *Clark v. Dep't of Pub. Safety and Corr.*, 141 F.4th 653, 661 (5th Cir. 2025) (internal quotation marks and citations omitted). One reason to deny leave is when the amendment is futile; in other words, "if the complaint as amended would be subject to dismissal." *Id.* at 662 (quoting *Varela v. Gonzales*, 773 F.3d 704, 707 (5th Cir. 2014)).

Plaintiff's attempt to sidestep Judge Bemporad's analysis is futile. Plaintiff's SAC replaces UTMB with five defendants sued in their official capacities who were allegedly involved in the

mishandling of remains,[6] and he contends he seeks only "prospective declaratory and injunctive relief" for "post-judgment conduct." ECF No. 13 at 2, 11. While he gives up damages (and so *Rooker-Feldman* falls away), the "post-judgment conduct" that Plaintiff targets is UTMB's retention of identifiable body parts that were *returned in* August 2008. *Id.* at 5. Indeed, Plaintiff previously attached a letter from Charles C. Johnstone, Special Counsel to UTMB, that confirmed "UTMB has taken the steps necessary to release the remains of [Plaintiff's father]" and that "[t]he remains will be transported to Zoellner [Funeral Home] at UTMB expense[.]" ECF No. 9 at 18. Because Plaintiff seeks remedies for *past* conduct, the Eleventh Amendment still bars his claims.[7]

True, Plaintiff also seeks an injunction "compelling disclosure of relevant institutional records and prohibiting further concealment then, now and in future circumstances." ECF No. 13 at 7. Putting aside the merits, he fails to identify *what* documents are being withheld, relying instead on UTMB's explanation *in 2007* that it concealed its withholding of the remains because it was "in litigation." *Id.* at 5. Again, Plaintiff complains of only *past* conduct, which no prospective injunctive or declaratory relief would address. Not only would any relief be backwards-looking, but any relief Plaintiff seeks is also moot.

Accordingly, the Court **DENIES** Plaintiff's request for leave to amend.

## CONCLUSION

For the foregoing reasons, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation. It is **FURTHER ORDERED** that Plaintiff's case is **DISMISSED**.

---

[6] "[A]n official-capacity claim is merely another way of pleading an action against the entity of which the individual defendant is an agent [here, UTMB]." *Fan v. Brewer,* H-08-CV-3524, 2009 WL 1743824, at *4 (S.D. Tex. June 17, 2009).

[7] Plaintiff's claim appear to falter on the merits as well, as the Fifth Circuit has rejected a substantive due process liberty interest "to possess the body of a loved one in the same condition as the body was at death," or to be free from "state-occasioned mutilation to the body of a deceased relative." *Arnaud v. Odom*, 870 F.2d 304, 310–11 (5th Cir. 1989).

A final judgment pursuant to Rule 58 will follow separately.

The Clerk is **DIRECTED** to **CLOSE THIS CASE**.

**IT IS SO ORDERED**.

**SIGNED** this 23rd day of July, 2025.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE